**THIRD DIVISION
MCFADDEN, C. J.,
DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**January 15, 2021**

# In the Court of Appeals of Georgia

A20A1903. IN RE SPIX.                                    McF-068

MCFADDEN, Chief Judge.

This appeal challenges an order of contempt entered against an attorney. Because the trial court's summary contempt proceeding violated due process, we vacate the contempt order and remand the case for further proceedings.

1. *Facts and procedural posture.*

On January 24, 2020, attorney Mark Spix appeared in the Bibb County Superior Court for a hearing regarding a possible settlement in a case in which he represented various defendants. After hearing arguments of counsel regarding the settlement, the judge announced that he also wanted to discuss the lack of professionalism in an exchange of emails between the attorneys. At the conclusion of that discussion, the judge announced that he was holding Spix in contempt and

fining him $300. The judge subsequently entered a written order holding Spix in contempt and imposing a $300 fine for disregarding the court's commands by "sending emails to opposing counsel that are unprofessional and lack civility." Spix appeals from that order.

2. *Summary contempt proceeding.*

Spix contends that the trial court's summary contempt proceeding violated due process. We agree.

> The procedures that a trial court must follow to hold a person in contempt depend upon whether the acts alleged to constitute the contempt are committed in the court's presence (direct contempt) or are committed out of the court's presence (indirect contempt). If the contempt is direct, a trial court has the power, after affording the contemnor an opportunity to speak in his or her own behalf, to announce punishment summarily and without further notice or hearing. This summary power is authorized where contumacious conduct threatens a court's immediate ability to conduct its proceedings, such as where a witness refuses to testify, or a party disrupts the court. Direct contempts in the presence of the court traditionally have been subject to summary adjudication, to maintain order in the courtroom and the integrity of the trial process in the face of an actual obstruction of justice. In direct contempt proceedings, in light of the court's substantial interest in rapidly coercing compliance and restoring order, and because the contempt's occurrence before the court reduces the need for extensive factfinding and the likelihood of an erroneous deprivation, summary proceedings have been tolerated.
> As for determining whether an alleged contumacious act was committed in the presence of the court for the purpose of imposing summary punishment, the Supreme Court has stressed the importance of

confining summary contempt orders to misconduct occurring in court. Where misconduct occurs in open court, the affront to the court's dignity is more widely observed, justifying summary vindication. In this regard, although OCGA § 15-1-4 (a) (1) provides that a court may impose summary punishment for alleged contemptuous conduct committed so near to the presence of the court as to obstruct the administration of justice, the Court of Appeals of Georgia has properly held that this statement must yield to the fundamental constitutional right to due process of law. Thus, typically, an alleged contumacious act may only be said to have occurred in the presence of the court, warranting summary contempt proceedings, if the act was committed in open court.

On the other hand, where the alleged contumacious acts are committed outside the court's presence, the considerations justifying expedited procedures do not pertain. Thus, summary adjudication of indirect contempts is prohibited, and due process requires that a person who is tried for indirect criminal contempt is entitled to more normal adversary procedures. Among other things, he or she must be advised of charges, have a reasonable opportunity to respond to them, and be permitted the assistance of counsel and the right to call witnesses.

*Ramirez v. State*, 279 Ga. 13, 14-15 (2) (608 SE2d 645) (2005) (citations, punctuation and footnote omitted).

Here there was no contumacious conduct by Spix in open court that threatened the court's immediate ability to conduct its proceedings. Rather, the alleged misconduct involved emails that Spix sent to opposing counsel outside of any court hearing. "Because the attorney['s] alleged acts did not occur in open court, this is not a case in which summary contempt proceedings were appropriate[.]" *In re Adams*,

3

345 Ga. App. 484, 487 (2) (841 SE2d 143) (2020). Rather, summary adjudication of the alleged indirect contempt was prohibited and due process required the court to follow more normal adversary procedures, including that Spix "be advised of charges, have a reasonable opportunity to respond to them, and be permitted the assistance of counsel and the right to call witnesses." *Moton v. State*, 332 Ga. App. 300, 302 (772 SE2d 393) (2015) (citation and punctuation omitted). Accord *Ramirez*, supra at 15 (2). As none of those due process rights were afforded to Spix, the contempt order must be vacated and the case remanded with direction that the trial court follow such normal adversary procedures. See *Hillman v. Aldi, Inc.*, 349 Ga. App. 432, 445-446 (5) (825 SE2d 870) (2019) (vacating contempt order against attorney and remanding case with direction).

3. *Remaining enumerations.*

Given our holding above, we do not address the additional claims concerning recusal of the trial judge and sufficiency of the evidence. Recusal is a matter that on remand can be decided by the trial court in the first instance. And we are unable to properly review the sufficiency of the evidence based on the record before us. Spix notes in his brief that emails were discussed at the contempt hearing, but the actual emails were not admitted into evidence or otherwise entered into the record; and it is

4

unclear from the trial court's order precisely which trial court commands were allegedly violated.

*Judgment vacated and case remanded with direction. Doyle, P. J., and Hodges, J., concur.*